**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

Q3 INVESTMENTS RECOVERY
VEHICLE, LLC, a Florida limited
liability company,

      Plaintiff,

v.

JAMES SEIJAS; QUAN TRAN; MICHAEL
ACKERMAN; DONNA SEIJAS; STEVE
SAUNDERS; Q3 HOLDINGS, LLC, a
Delaware limited liability company; Q3 I, LP,
a Delaware limited partnership; Q3 CRYPTO,
LLC, a Florida limited liability company;
SKYWAY CAPITAL MARKETS, LLC, a
Florida limited liability company; and WELLS
FARGO CLEARING SERVICES, LLC and
WELLS FARGO ADVISORS FINANCIAL
NETWORK, LLC, a Delaware limited liability
company,

      Defendants.
_____/

Case No.: 8:20-cv-00756-TPB-AAS

**PLAINTIFF Q3 INVESTMENTS RECOVERY VEHICLE, LLC'S MOTION
FOR LEAVE TO FILE REPLY IN SUPPORT OF RENEWED MOTION TO REMAND**

Plaintiff, Q3 Investments Recovery Vehicle, LLC ("Q3 IRV"), pursuant to Local Rule 3.01(c), hereby files this Motion for Leave to File Reply in Support of its Renewed Motion to Remand, stating:

1. On April 16, 2020, Tran filed an Amended Notice of Removal (Doc. 18), asserting federal jurisdiction pursuant to the Securities Litigation Uniform Standards Act (SLUSA).

2. In the Amended Notice, Tran cites this Court's decision in *Sullivan v. Holland & Knight, LLP*, 2010 WL 1558553 at *6 (M.D. Fla. March 31, 2010) and other cases that found SLUSA jurisdiction where the victims purchased interests in an entity that were not covered

securities, but the entity purchased or was supposed to purchase covered securities. These cases are sometimes referred to as "feeder fund" cases. *See In re Herald*, 753 F.3d 110 (2d Cir. 2014) ("investors attempted to take an ownership position in 'covered securities' within meaning of [SLUSA] when a Ponzi scheme fraudulently induced their attempted investments in such securities through intermediary feeder funds").

3. Q3 IRV then filed a Renewed Motion to Remand (Doc. 40), arguing that the Supreme Court in *Chadbourne & Parke, LLP v. Troice*, 571 U.S. 377 (2014) overruled or limited feeder fund cases, applying SLUSA only where the victims themselves intended to acquire, sell, or hold covered securities as a result of the misrepresentations.

4. Tran next filed his Memorandum of Law of Defendant, Quan Tran, in Opposition to Plaintiff's Renewed Motion to Remand (Doc. 57) ("Opposition").

5. In the Opposition, Tran argues a new basis for removal, citing *Herndon v. Equitable Life Ins. Co.*, 325 F.3d 1252 (11th Cir. 2003), a case where the victims directly acquired covered securities as well as uncovered securities as a result of the misrepresentations. *See Opposition,* p. 11.

6. Plaintiff seeks leave to file a Reply to respond to Tran's new legal arguments, which will aid the Court in its resolution of the matter.

7. If granted, the Reply in this matter will not exceed fifteen (15) pages.

8. This motion is made in good faith and not for any purposes of undue delay.

**MEMORANDUM OF LAW**

"No party shall file any reply or further memorandum directed to [a] motion or response…unless the Court grants leave." Local Rule 3.01(c). "The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the

Court." *Tardif v. People for Ethical Treatment of Animals*, 2011 WL 2729145, *2 (M.D. Fla. July 13, 2011); *see also Fiddler's Creek, LLC, v. Naples Lending Group, LC*, 2015 WL 4470093, *2 (M.D. Fla. July 21, 2015). A Court will grant leave to file a reply brief when the moving party shows good cause for the request. *See id*.

Here, good cause exists for leave to file a reply because the Opposition contains new legal arguments to which a reply by Q3 IRV is necessary. Specifically, Tran asserts that *Herndon* and similar "hybrid securities" cases are applicable here. Q3 IRV would like to address Tran's apparent mistake in citing cases where the victims directly purchased, sold, or held covered securities, which did not occur here.  Granting Plaintiff leave to file a reply will aid in the Court's resolution of the matter because it will permit Plaintiff to explain Tran's mistake.

WHEREFORE, Plaintiff Q3 Investments Recovery Vehicle, LLC respectfully requests this Court enter an Order permitting the filling of a Reply to Tran's Opposition to Plaintiff's Renewed Motion to Remand, not to exceed 15 pages, within 10 days of entry of the Order.

### CERTIFICATE OF GOOD FAITH CONFERENCE

On May 12, 2020, Christa Queen-Sutherland, counsel for Plaintiff, communicated with Scott Ilgenfritz, counsel for Quan Tran, to obtain consent to the relief requested in this motion. Counsel for Defendant Tran indicated he neither objects nor consents.

Respectfully submitted this 12th day of May, 2020.

                Respectfully submitted,

                */s/ Paul Thanasides*
                Paul Thanasides
                Florida Bar No. 103039
                paul@mcintyrefirm.com
                clservice@mcintyrefirm.com
                Christa Queen-Sutherland
                Florida Bar No.: 0091204
                christa@mcintyrefirm.com

3

                complexlit@mcintyrefirm.com
                McIntyre Thanasides Bringgold Elliott
                  Grimaldi Guito & Matthews, P.A.
                500 E. Kennedy Blvd., Suite 200
                Tampa, FL 33602
                Telephone: 813.223.0000
                Facsimile:  813.225.1221
                ***Attorneys for Q3 Investment Recovery Vehicle, LLC***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 12, 2020, a true and correct copy of the foregoing document was electronically filed using the Court's CM/ECF system, which will provide electronic notice to the following:

Scott C. Ilgenfritz,
Johnson, Pope, Bokor,
Ruppel & Burns, LLP
SunTrust Financial Centre
401 E. Jackson Street, Suite 3100
Tampa, Florida 33602
Telephone: 813-225-2500
Facsimile: 813-223-7118
Primary email: scotti@jpfirm.com
Secondary email: debbieh@jpfirm.com
***Attorneys for Defendant Quan Tran***

John E. Clabby
Florida Bar No. 113664
D. Matthew Allen
Florida Bar No. 866326
CARLTON FIELDS, P.A.
P.O. Box 3239
Tampa, FL 33601-3239
*Physical address:*
Corporate Center Three at International Plaza
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, Florida 33607
Telephone: (813) 223-7000
Fax: (813) 229-4133
jclabby@carltonfields.com
nkapadia@carltonfields.com
mallen@carltonfields.com

4

hrechtin@carltonfields.com
*Attorneys for Defendant Skyway Capital Markets, LLC*

Sara Soto
Florida Bar No. 0265152
Joelle A Simms
Florida Bar No. 0083982
Bressler, Amery, Ross, P.C.
200 East Las Olas Boulevard
Suite 1500
Fort Lauderdale, Florida 33301
ssoto@bressler.com
jsimms@bressler.com
ktoulon@bressler.com
(954)499-7979
*Attorneys for Defendants Wells Fargo*
*Advisors Financial Network, LLC and*
*Wells Fargo Clearing Services, LLC*

Kevin J Napper
The Law Offices of Kevin J. Napper, P.A.
604 South Boulevard
Tampa, FL 33606
Telephone No. 813-443-8432
knapper@kevinnapperlaw.com
lgarrett@kevinnapperlaw.com
*Attorney for Defendant Steve Saunders*

Gregory W. Kehoe
kehoeg@gtlaw.com
Greenberg Traurig, P.A.
101 East Kennedy Boulevard, Ste. 1900
Tampa, FL33602
Telephone: 813.318.5700
*Attorney for James Seijas and Donna Seijas*


*Via Email to:*
Jason Kislin
kislinj@gtlaw.com
Greenberg Traurig, P.A.
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932-0677
Telephone: 973.360.7906
Facsimile: 973.295.1337

Matthew F. Bruno
brunoma@gtlaw.com
Greenberg Traurig, P.A.
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932-0677
Telephone: 973.360.7906
Facsimile: 973.295.1337

*<u>Via U.S. Mail Delivery:</u>*
Q3 Crypto, LLC
1994 Carolina Circle NE
St. Petersburg, FL 33703

Q3 Holdings, LLC
c/o Harvard Business Services, Inc.
16192 Coastal Hwy,
Lewes, DE 19958

Q3 I, LP
c/o Harvard Business Services, Inc.
16192 Coastal Hwy,
Lewes, DE 19958

Michael Ackerman
3875 East Lake Rd.
Sheffield Lake, OH 44054

*/s/ Paul Thanasides*
Attorney